**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1094**

TILLMAN INFRASTRUCTURE LLC,

Plaintiff – Appellee,

v.

BOARD OF SUPERVISORS OF CULPEPER COUNTY, VIRGINIA; CULPEPER
COUNTY, VIRGINIA,

Defendants – Appellees.

Appeal from the United States District Court for the Western District of Virginia, at
Charlottesville. Norman K. Moon, Senior District Judge. (3:21-cv-00040-NKM-JCH)

Argued: March 5, 2024                                     Decided: August 13, 2025

Before DIAZ, Chief Judge, and RICHARDSON and RUSHING, Circuit Judges.

Affirmed by unpublished opinion. Judge Rushing wrote the opinion, in which Chief Judge
Diaz and Judge Richardson joined.

**ARGUED:** Michael W.S. Lockaby, SPILMAN, THOMAS & BATTLE, PLLC, Roanoke,
Virginia, for Appellants. Bethany Jean Fogerty, WILLCOX & SAVAGE, P.C., Norfolk,
Virginia, for Appellee. **ON BRIEF:** Gary A. Bryant, WILLCOX & SAVAGE, P.C.,
Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

RUSHING, Circuit Judge:

Tillman Infrastructure LLC sought a conditional use permit to build a telecommunications tower in Culpeper County, Virginia. The County's Board of Supervisors denied Tillman's application, so Tillman sued in federal court. Following cross-motions for summary judgment, the district court held that the Board's denial was not supported by substantial evidence and was void in any event because Tillman's application was deemed approved as a matter of state law when the Board failed to approve or disapprove it within 150 days of receipt. Because the latter ground is sufficient to resolve the case, we affirm on that basis.

I.

To construct a telecommunications tower in Culpeper County, Tillman applied for a conditional use permit in accordance with local zoning regulations. *See* Culpeper Cnty., Va., Code of Ordinances app. A Zoning Ordinance (ZO) §§ 17-1, 17-2, 17-6 (Feb. 2021). Tillman attended a pre-application meeting with county officials, including Zoning Administrator Neil Drumheller, in March 2021. Before the meeting, Tillman shared with county officials a digital Dropbox folder titled "15862-Pre-App Zoning Package." J.A. 1660–1661. A couple of weeks later, on April 8, Drumheller contacted Tillman "to confirm" whether the shared folder was Tillman's "finalized submission." J.A. 1672. He suggested that Tillman "rename the folder and reshare" it. J.A. 1672. Tillman did so immediately, renaming the folder "15682-Zoning Application Package." J.A. 1673. The application package contained several documents, including an application form, an application letter, a supplemental narrative, a structural design analysis, and various

2

exhibits. Tillman also submitted the required application fee. The same day, Drumheller confirmed receipt, thanked Tillman for "buttoning things up," and advised that he would "be in touch if [he saw] something missing." J.A. 1678.

After receiving Tillman's materials, the County forwarded them to state agencies and a third-party consulting firm, CTA Consultants LLC, for review. CTA recommended approval subject to installation of emergency communication services on the tower and a "new structural analysis." J.A. 587. Tillman accordingly submitted a revised structural analysis on May 12, 2021. The County Planning Commission subsequently held a public hearing and concluded that Tillman's application was substantially in accord with the County's Comprehensive Plan.

The Board of Supervisors considered Tillman's application at its July 6, 2021, meeting but did not issue a decision. In response to a request from one of the supervisors, Tillman amended its application later that month to propose a monopole tower rather than a lattice tower. County staff indicated to Drumheller that the amendment "doesn't impact our review." J.A. 1381. On October 5, 2021, the Board met again and voted to deny Tillman's application.

Tillman sued. It alleged that the Board violated the Telecommunications Act of 1996 because the denial was not supported by substantial evidence, 47 U.S.C. § 332(c)(7)(B)(iii), and unreasonably discriminated against Tillman's proposed tower, *id.* § 332(c)(7)(B)(i). Tillman also brought state law claims, alleging that the Board based its denial on impermissible considerations, Va. Code Ann. § 15.2-2316.4:2(A)(1), and unlawfully discriminated against Tillman, *id.* § 15.2-2316.4:2. Finally, Tillman alleged

3

that the Board failed to decide its application within 150 days as required by state law and requested a declaratory judgment that the denial was therefore void and its application was deemed approved by operation of law. *See id.* § 15.2-2316.4:1(C)(2)(a), (D).

The parties cross-moved for summary judgment, and the district court granted judgment for Tillman. The court concluded that substantial evidence did not support the Board's denial and that Tillman's application had already been approved by operation of law at the time of that decision. *See Tillman Infrastructure LLC v. Bd. of Supervisors of Culpeper Cnty., Va.*, 648 F. Supp. 3d 731, 744, 746 (W.D. Va. 2022). The court then dismissed Tillman's remaining claims as moot. The Board appealed.

## II.

We review the district court's award of summary judgment de novo. *T.H.E. Ins. Co. v. Davis*, 54 F.4th 805, 818 (4th Cir. 2022). Summary judgment is appropriate if, viewing the facts in the light most favorable to the Board, Tillman shows there is no genuine dispute as to any material fact and Tillman is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Virginia law requires localities to act on zoning applications for wireless communications towers within timelines set by statute. Two statutory deadlines are relevant here. First, if a locality receives an incomplete permit application, it must notify the applicant of any deficiencies "[w]ithin 10 business days after receiving [the] incomplete application." Va. Code Ann. § 15.2-2316.4:1(C)(1). "If the locality fails to provide such notice within such 10-day period, the application shall be deemed complete." *Id.* Second, a locality must "approve or disapprove" a zoning application for a new wireless

4

communications tower "within the lesser of 150 days of receipt of the completed application or the period required by federal law for such approval or disapproval." *Id.* § 15.2-2316.4:1(C)(2)(a). This period "may be extended by mutual agreement between the applicant and the locality." *Id.* § 15.2-2316.4:1(C)(3). "A complete application for a project shall be deemed approved if the locality fails to approve or disapprove the application within the [statutory] period . . . or any agreed extension thereof . . . ." *Id.* § 15.2-2316.4:1(D).

We agree with the district court that these straightforward rules resolve this case. The County received Tillman's application on April 8, 2021. That was the day Tillman transmitted its "finalized submission" by renaming its "15862-Pre-App Zoning Package" to "15682-Zoning Application Package," resharing it with the County, and submitting the required application fee. J.A. 1660–1661, 1672–1673. The same day, Drumheller confirmed receipt. The parties agree that the record contains no evidence of the County notifying Tillman that its application was incomplete at any time over the next 10 business days. Thus, the April 8 application was "deemed complete." Va. Code Ann. § 15.2-2316.4:1(C)(1). Having received Tillman's "complete application," the County then had 150 days to "approve or disapprove" it, as the parties agree no federal deadline controls here and the record contains no evidence of any extension by mutual agreement. *Id.* § 15.2-2316.4:1(C)(2)(a), (C)(3). Yet the Board did not deny Tillman's application until October 5, 2021—180 days after April 8. Because the Board "fail[ed] to approve or disapprove the application within the applicable [statutory] period," Tillman's application had already

5

been "deemed approved" by operation of law before the Board conducted its tardy vote. *Id.* § 15.2-2316.4:1(D).

None of the Board's counterarguments persuade us otherwise. First, the Board argues that it did not receive Tillman's application until May 12, 2021, when Tillman submitted its revised structural analysis. According to the Board, the 10-day notice-of-deficiency period is not triggered until the Board "stops receiving application materials." Opening Br. 27. This argument contradicts the statutory language, which expressly states that the notice-of-deficiency period commences when a locality "receiv[es] an incomplete application." Va. Code Ann. § 15.2-2316.4:1(C)(1). If the locality does not notify the applicant within 10 business days that the application is incomplete, then the application "shall be deemed complete." *Id.* No provision in the statute extends this deadline for any reason. There is no evidence that the Board notified Tillman its application was incomplete within 10 business days of receiving it; therefore, it was deemed complete. A request by the Board for additional information or revised documents *after* that 10-day window passed could not change the date upon which Tillman's application was deemed complete.

Second, the Board contends that Tillman made a "substantial change" to its application when it switched from a lattice to a monopole tower and that change reset the 150-day time period for it to approve or disapprove the application. Opening Br. 28. This argument, too, finds no support in the statutory text. Virginia's statute provides no mechanism to restart the time period for Board action on a wireless communications tower zoning application for any reason. And it authorizes an extension of time for only one reason: "mutual agreement between the applicant and the locality." Va. Code Ann. § 15.2-

6

2316.4:1(C)(3). "[W]e are not free to add" exceptions or extensions to the statute but must faithfully apply the law as the General Assembly enacted it. *Commonwealth v. Commonwealth ex rel. Hunter Lab'ys, LLC*, 817 S.E.2d 318, 321 (Va. 2018) (internal quotation marks omitted).

The Board protests that the amended application with a monopole tower is not the same application as the one originally submitted, and deemed complete, with a lattice tower. We are not convinced. When a tower application is deemed complete, it is ready for administrative review but its contours are not set in stone. As a complete application moves through the review process, it may change in response to feedback from elected officials and community members. *See*, *e.g.*, ZO § 17-1-2 (authorizing the Board to "designate such conditions as it determines necessary" when granting a permit). Indeed, that is an important purpose of the process. But amendments during this review period do not create de facto new applications that send the applicant back to square one. In other words, an application may change after it is complete, but the statute does not extend the Board's time to act on the amended application absent "mutual agreement" between the parties. Va. Code Ann. § 15.2-2316.4:1(C)(3).

Third and finally, the Board argues that even if its decision denying the permit was too late and therefore void, the district court overreached by issuing a declaration that Tillman's application was deemed approved as a matter of law. In the Board's view, the declaratory judgment improperly usurps its legislative prerogative to make zoning decisions. Instead, the Board would have the district court issue an injunction ordering it

7

to approve a permit for Tillman, "within a reasonable time, that does not prohibit the use that this Court finds to be deemed approved." Opening Br. 31.

We think the district court correctly entered a declaratory judgment because the Board no longer retains discretion over Tillman's application. A Virginia locality can exercise only those legislative powers expressly or impliedly granted by the General Assembly and those that are otherwise essential and indispensable, with doubts resolved against the locality. *Marble Techs., Inc. v. City of Hampton*, 690 S.E.2d 84, 88 (Va. 2010); *City of Richmond v. Confrere Club of Richmond, Va., Inc.*, 387 S.E.2d 471, 473 (Va. 1990). The General Assembly has empowered the County to "approve or disapprove" new telecommunication tower zoning applications "within . . . 150 days of receipt of the completed application," after which the General Assembly has instructed the application is "deemed approved." Va. Code Ann. § 15.2-2316.4:1(C)(2)(a), (D). Thus, "a locality must act within [the] statutorily defined deadline or lose the ability to act at all." *Berry v. Bd. of Supervisors of Fairfax Cnty.*, 884 S.E.2d 515, 528 n.15 (Va. 2023). Because the County failed to timely act, it lost the ability to do so. The district court did not usurp the County's authority but instead followed the will of the General Assembly when it entered judgment declaring that Tillman's application had been deemed approved by the Board as of the date the statutory deadline passed.

The Board claims it is unclear which changes, if any, the approved application incorporates. For example, the Board questions whether the original lattice design or the amended monopole design was approved. As discussed, however, an application can change after it is complete; the application is deemed approved by operation of law as it

8

stands when the statutory window for Board action closes.  Here, that means Tillman's application was approved as it stood on September 5, 2021—150 days after the County received the application on April 8.  Conditions and amendments, like the monopole design, that were included in the application at that point were approved as a matter of law when the Board failed to act.  Accordingly, we affirm the judgment of the district court.

*AFFIRMED*